# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TAMMY WATERS, | § | |
| | § | No. 88, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Kent County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 1306016882 |
| Appellee. | § | |

Submitted: June 10, 2014
Decided: July 9, 2014

Before **STRINE,** Chief Justice, **BERGER** and **RIDGELY,** Justices.

## O R D E R

This 9th day of July 2014, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c) ("Rule 26(c)"), her attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)    On September 3, 2013, the appellant, Tammy L. Waters, was indicted on one felony and four misdemeanor offenses. On February 4, 2014, Waters pleaded guilty to one count in the indictment, a charge of Offensive Touching, in exchange for the State entering a *nolle prosequi* as to the other four charges. Waters was immediately sentenced and was ordered to have no contact with the victim. This is Waters' direct appeal.

(2) On appeal, Waters' defense counsel ("Counsel") has filed a brief and a motion to withdraw pursuant to Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Although informed that she could respond to Counsel's submission with points for this Court to consider, Waters has not submitted any issues for review. The State has responded to the position taken by Counsel and has moved to affirm the Superior Court judgment.

(3) The standard and scope of review applicable to the consideration of a Rule 26(c) brief and motion to withdraw is twofold.[1] First, the Court must be satisfied that Counsel made a conscientious examination of the record and the law for claims that could arguably support the appeal.[2] Second, the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of even arguably appealable issues that it can be decided without an adversary presentation.[3]

(4) In this case, upon careful review of the record, the Court has concluded that Waters' appeal is wholly without merit and devoid of any arguably appealable issue. We are satisfied that Counsel made a conscientious effort to

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[2] *Id.*

[3] *Id.*

examine the record and the law and properly determined that Waters could not raise a meritorious issue on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

3